AMERICAN CENTRAL INS. CO. OF ST. LOUIS, MO., et al. v. BORSCHOW. (No. 2150.)

Court of Civil Appeals of Texas. El Paso. April 19, 1928.

Rehearing Denied May 10, 1928.

1. Insurance ⊙646(8)—In action on fire policy on building in another state, property's value need not be proved; law of other state, making it material, not being proved (Rev. St. 1925, art. 4929).

Defendant's motion for directed verdict, when plaintiff, in action on fire policies on building in Oklahoma, rested without proving the actual cash value of the property, was properly refused; no proof of the law of Oklahoma, making such value material, having then been proved, and the presumption being that the law of that state was the same as that of Texas, and under the law of Texas (Rev. St. 1925, art. 4929) the policies being liquidated demands for the full amount thereof.

2. Trial ⊙62(2)—Evidence of value of insured property in other state, made material by defendant's proof of law of other state, held proper on rebuttal.

Plaintiff, in action on fire policies on building in Oklahoma, was properly allowed on rebuttal to prove the value of the property, made material by defendant's proof of the law of that state.

3. Insurance ⊙668(13)—Actual cash value of insured property when destroyed held for jury.

Evidence for plaintiff was sufficient to establish actual cash value of insured property, though there was a variance among his witnesses, as well as between them and defendant's witnesses, as to such value, making an issue thereon for the jury.

4. Insurance ⊙665(3)—Testimony of disinterested witness held to support finding for insured on issue of fraud or false swearing, though jury found value less than stated in proof of loss.

Though insured in his proofs of loss valued the property at above $63,000, while the jury found its value to be $40,000, testimony of three disinterested qualified witnesses that its value was greater than given by insured supported

─────────

jury's finding that he did not breach the terms of the policy as to fraud and false swearing.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Actions by Max Borschow against the American Central Insurance Company of St. Louis, Mo., and against the American Alliance Insurance Company of New York, consolidated for trial. Judgment for plaintiff, and defendant appeal. Affirmed.

Rittenhouse, Lee, Webster & Rittenhouse, of Oklahoma City, Okl., and R. L. Holliday, of El Paso, for appellants.

Lea, McGrady, Thomason & Edwards, of El Paso, for appellee.

HIGGINS, J. Separate suits were filed by appellee against appellants, the American Central Insurance Company of St. Louis and the American Alliance Insurance Company of New York, upon two fire insurance policies severally issued by the defendants, each in the sum of $2,500, in appellee's favor, insuring the Park View Hotel in Sulphur, Okl. During the life of the policies the property, on August 31, 1925, was wholly destroyed by fire. The cases were consolidated and tried as one, resulting in judgment against each defendant for the amount of the policy issued by it.

The pleadings of the defendants are lengthy. Only those defenses will be briefly stated which are pertinent to the questions here presented. It was alleged by defendants that the policies were Oklahoma contracts, and governed by the laws of that state; that the policies contained a provision limiting liability to three-fourths of the actual cash value of the property at the time of loss and in case of other insurance then only for the pro rata proportion of such three-fourths value; that the total insurance carried was $30,000, and they were liable only for their pro rata proportion.

They also pleaded a provision of the policies avoiding same "in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss." In this connection it was averred the plaintiff in his sworn proof of loss falsely and fraudulently set forth the value of the property greatly in excess of its true and correct value, which was done for the fraudulent purpose of inducing defendants to pay said policies in full, and further that in a sworn examination conducted by defendants after the loss the plaintiff testified the property was of the value of $63,000, which was greatly in excess of its true value, and such testimony was given to induce defendants to pay the policies in full.

Upon special issues the jury found:

(1) The actual cash value of the Park View Hotel, at Sulphur, Okl., on August 31, 1925, was $40,000.

(2) The plaintiff did not knowingly, willfully, and with intent to defraud defendants, state in his proofs of loss an excessive value of the Park View Hotel.

(3) The plaintiff did not, at an examination by defendants, falsely and fraudulently, with intent to defraud defendants, place an excessive valuation on said Park View Hotel.

In connection with issue 1 the jury was charged that it was the value of the building they were to find, and not the lot upon which it was located. Instructions were also given that the burden of showing the actual cash value of the Park View Hotel on August 31, 1925, rested upon plaintiff, and the burden of proof rested upon defendants to prove the affirmative of questions 2 and 3. A charge requested by defendants was also given, defining and explaining what was meant by "actual cash value," and what might be considered in determining the same.

The plaintiff offered in evidence the policies sued upon, proved the total destruction of the property by fire on August 31, 1925, that he had made proof of loss on September 23, 1925, and defendants had refused payment. He then rested, and defendants moved for an instructed verdict in their favor, which was refused.

[1] The first proposition is: The motion should have been granted, because no proof had been made of the actual cash value of the property. This matter presents no error, for at the time the motion was made no proof had been made of the law of Oklahoma, and the presumption was that the law of that state was the same as that of Texas. Under the law of this state the policies were liquidated demands against defendants for the full amount thereof. Article 4929, R. S. 1925. Hence there was no occasion for plaintiff, in making out a prima facie right of recovery, to prove the actual cash value of the property.

[2] After the defendants rested, plaintiff offered in evidence the depositions of various witnesses to prove the value of the property. It is objected this evidence should have been offered by plaintiff in chief, and was not admissible in rebuttal. From what has been said in passing upon the first proposition, it is apparent the court did not err in admitting the evidence, as it was properly in rebuttal after the law of Oklahoma had been proven.

[3] Nor is there any merit in the contention that the evidence of the plaintiff is insufficient to establish the actual cash value of the insured property at the time it was destroyed. Such value was shown by the depositions of at least nine qualified witnesses for plaintiff, who valued the building at from $47,000 to $67,000. Such value of the building was also shown by the testimony of

nine witnesses for defendant. It is true defendants' witnesses valued the property lower than did the plaintiff's witnesses, but this discrepancy in their testimony only raised an issue as to the true value of the property, which issue was for the jury to determine.

[4] In the verified proofs of loss submitted to defendants, the plaintiff valued the property at $63,396. In the answers it is averred that in the sworn examination plaintiff testified that the property was worth $63,000. Appellants do not point out any evidence in support of such allegation.

By their fourth and fifth propositions appellants assert that by placing such valuations upon the property plaintiff breached the terms of the policies relating to fraud and false swearing. The jury, however, found to the contrary and the evidence supports the finding, for at least three disinterested witnesses qualified to testify as to such value testified that same was greater than $63,396.

The sixth proposition asserts the court erred in submitting issue No. 1, because the plaintiff failed to make out his case by proving the actual cash value of the property immediately prior to its destruction by fire. As we have stated above, such value was proven by the testimony of nine witnesses for plaintiff, and by a like number of witnesses who testified for defendants as to such value. We fail to understand how it can be asserted there was no evidence to warrant the submission of the issue contained in question No. 1.

As stated above, plaintiff's evidence upon the issue was properly offered in rebuttal.

Affirmed.